[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**No. 05-13666**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00506-CV-CB-L

LEANN BROWN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Southern District of Alabama**
_____

**(December 9, 2005)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Leann Brown appeals the district court's order affirming the Commissioner's denial of her application for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1393(c)(3). Brown asserts the Administrative Law Judge (ALJ) erred by failing to consider her subjective complaints of pain and all of her impairments in combination. We affirm the Commissioner's denial of benefits.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). We require a claimant who seeks "to establish a disability based on testimony of pain and other symptoms" to show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Furthermore, "credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). We do not require the ALJ to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow this Court to conclude the

ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Substantial evidence supports the ALJ's conclusion that Brown failed to show objective medical evidence confirming the severity of her alleged pain or that any objectively determined medical condition can reasonably be expected to give rise to the claimed pain. Although Brown periodically complained of pain to her treating physician, the medical evidence showed she was able to walk independently, even at a slight grade, and lift up to 25 pounds above her head. When Brown saw Dr. Crompton on February 27, 2001, Dr. Crompton noted she had a mild limp but was "definitely improving." While Brown complained of pain in her right shoulder, Dr. Brockington, who repeatedly examined Brown's right shoulder, noted Brown's shoulder showed "significant improvement." Furthermore, according to Brown's own testimony, she was able to perform a variety of daily activities, including some housework and grocery shopping with assistance. She also continued to drive. In sum, there is substantial evidence to support the ALJ's finding that Brown had not established a disability based on her subjective testimony of pain.

Brown next argues the ALJ did not consider the combined effect of her thyroiditis, carpal tunnel syndrome, tendonitis of her right shoulder, traumatic

calcification of her right hip, and adjustment disorder, when making his residual functional capacity determination.  Brown failed to raise this argument before the district court.  Therefore, we do not need to consider this claim.  *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999).

Substantial evidence supports the ALJ's conclusion that Brown was not disabled due to her complaints of pain.  We affirm the Commissioner's denial of benefits.

**AFFIRMED.**