[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15465
Non-Argument Calendar

_____

D. C. Docket No. 04-00146-CV-WCO-2

BLAKE ALLEN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner, Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 3, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Blake Allen appeals the order of the district court that affirmed the denial of

Allen's application for Social Security disability insurance benefits. Allen argues that, because the vocational expert was given an incomplete hypothetical question, the Administrative Law Judge improperly relied on the testimony of the vocational expert to deny his application. Allen also argues that the district court erred when it did not remand his case for reconsideration in the light of new evidence. We affirm.

We will affirm the decision of the Commissioner that denied Allen's application for benefits if the decision is supported by substantial evidence and based upon proper legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. "In contrast to the deferential review accorded to the Secretary's findings of fact, the Secretary's conclusions of law . . . are not presumed valid." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). We will reverse if the Commissioner fails to apply the correct legal standards or to provide us with "sufficient basis for a determination that proper legal principles have been followed." Id.

"To establish a disability based on testimony of pain and other symptoms, [Allen] must satisfy two parts of a three-part test showing." Wilson v. Barnhart,

284 F.3d 1219, 1225 (11th Cir. 2002). Allen must show that there is "evidence of an underlying medical condition; and . . . either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Id. An Administrative Law Judge must articulate "explicit and adequate reasons" to discredit subjective testimony. Id. "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." Id.

The Administrative Law Judge reviewed multiple medical records and heard testimony from Allen, and that evidence established that Allen was not totally disabled. The Administrative Law Judge found Allen credible as to his ability to perform sedentary and light activity, and the Administrative Law Judge concluded that Allen had the residual functional capacity to perform sedentary exertion generally. Based on the testimony of the vocational expert that Allen was capable of making a vocational adjustment to other work, the Administrative Law Judge found that Allen was not disabled and denied benefits.

Allen argues that the testimony of the vocational expert was erroneously considered because the expert responded to an incomplete hypothetical question. Allen argues that the hypothetical question did not contain the limitations due to

his sleep apnea and chronic pain, which he argues the Administrative Law Judge credited. To rely on the testimony of a vocational expert in response to a hypothetical question, the Administrative Law Judge "must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). The Administrative Law Judge is not required, however, to include limitations in the hypothetical that were properly rejected as unsupported. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).

The written decision of the Administrative Law Judge does not support Allen's assertion that judge found Allen's alleged limitations due to sleep apnea and chronic pain credible. To the contrary, although the Administrative Law Judge concluded that Allen had sleep apnea and pain, the Administrative Law Judge discredited Allen's testimony to the extent that Allen testified that those impairments produced greater limitations than those posed in the hypothetical question. The conclusion of the Administrative Law Judge is supported by substantial evidence, both documentary and Allen's own testimony regarding his daily activities.

Allen also argues that the district court erred when it refused to remand his application for consideration of new evidence that Allen had anxiety and bipolar

4

disorders and borderline intellectual functioning. We review the denial of remand de novo. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001). To be entitled to remand, Allen must show that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable probability that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Id. (citation and quotation marks omitted). The Commissioner concedes that Allen presented new evidence and that there is good cause for the failure to submit the evidence at the administrative level, but the Commissioner disputes whether the evidence is material.

New evidence is material if a reasonable possibility exists that the new evidence would change the administrative result. Id. The new evidence must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Allen bears the burden to establish that the new evidence is material. Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

Allen's argument fails. Allen cannot establish that the new evidence of his anxiety and bipolar disorders relates to the period on or before the decision of the Administrative Law Judge. In the light of Allen's history of skilled work and the

5

finding of the Administrative Law Judge that Allen retained a residual work capacity for unskilled sedentary work, there also is not a reasonable probability that the evidence of Allen's borderline intellectual functioning would change the outcome.

Because Allen's other arguments regarding evidence of his sleep apnea were not presented in the district court, we do not consider them.

The order of the district court is

**AFFIRMED.**