[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15541
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00333-CV-M-E

HENRIETTA DIXON,

                                                    Plaintiff-Appellant,

        versus

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 13, 2009)

Before EDMONDSON, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Henrietta Dixon appeals the district court's order affirming the denial by the Commissioner of Social Security (the "Commissioner") of Dixon's applications for disability insurance benefits and supplemental security income. After review, we vacate and remand for additional fact determinations.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove her disability. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is

---

[1] Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

disabled. 20 C.F.R. § 404.1520; Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). In steps one and two, the claimant must show that she has not engaged in substantial gainful activity; and she must prove a severe impairment or combination of impairments. Jones, 190 F.3d at 1228. In step three, the impairment is compared to listed impairments; if the impairment meets or equals a listed impairment, disability is automatically established. Id. If step three's impairment listing does not establish disability, in step four the claimant must show an inability to perform past relevant work. Id. If the claimant makes a sufficient showing of inability to perform past relevant work, in step five the Commissioner bears the burden of showing other available work that claimant is able to perform. Id.

Here, the ALJ concluded that Dixon met the first two steps in the evaluative process but that her impairments did not meet or equal a listed impairment.[2] About step four, the ALJ determined -- based on the residual function capacity ("RFC") assessed by an independent doctor ordered to examine Dixon, the testimony of an impartial vocational expert ("VE"), and Dixon's age, educational background and work experience -- that she was capable of performing her past

---

[2]The ALJ concluded that Dixon suffered from the following severe impairments: degenerative joint disease, osteoarthritis, hepatitis C, obesity and hernia repair.

relevant work as a cook's helper and, therefore, was not disabled. The ALJ described Dixon's past relevant work as unskilled and of medium exertional level.

In the district court, Dixon argued that the ALJ's determination that she could return to her past relevant work was in error because the RFC determination did not allow for medium level work, as defined by the regulations. The Commissioner conceded that the ALJ's RFC determination did not allow Dixon to return to her past relevant work or perform medium-level work but argued that the error was harmless because substantial evidence supported the ALJ's ultimate decision that Dixon was not disabled: the VE testified that Dixon could do light or sedentary work and that jobs existed in the national economy that she could perform. The magistrate judge affirmed the ALJ's decision, agreeing with the Commissioner that the ALJ erred in finding that Dixon could return to her past relevant work but that the error was harmless.[3]

On appeal, Dixon repeats her argument that the ALJ's determination that she could return to her past relevant work was inconsistent with the RFC determination. She also asserts that the ALJ's failure to make findings required by the regulations was not harmless error. The Commissioner argues -- for the first

---

[3]The parties consented for the magistrate to conduct all of the proceedings, including the final judgment. 28 U.S.C. § 636(c).

time -- that Dixon can perform her past relevant work and that its prior concession to the contrary was in error.

Our review is limited to issues raised before the district court. See Crawford, 363 F.3d at 1161. So, because the Commissioner conceded before the district court that the ALJ erred in determining that Dixon could return to her past relevant work and could perform medium-level work, we decline to address its contrary position that Dixon can perform medium-level work. Id.; see also Ford ex rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1293-94 (11th Cir. 2002) (explaining that "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party").

We agree with the district court that the ALJ erred in determining that Dixon could return to her past relevant work. The RFC determination stated that Dixon could lift and carry 5 pounds constantly, 15 pounds frequently, and 25 pounds occasionally. But medium work, as defined by the regulations, involves lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c).

If a claimant cannot return to her past relevant work, the Commissioner must, at step 5 of the evaluative process, show that there is work that the claimant can perform. Here, the ALJ made no step 5 findings. Although the ALJ

questioned the VE about alternative jobs at different exertional levels, the ALJ did not mention the VE testimony in its decision or state which of these jobs Dixon may have been able to perform. It also is unclear whether the ALJ would have consulted the Grids in making a step 5 determination. See 20 C.F.R. Pt. 404 Subpt. P, Ap. 2.[4]

"While we may not supply a reasoned basis for [an] agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." See Zahnd v. Sec'y, Dep't of Agric., 479 F.3d 767, 773 (11th Cir. 2007). We conclude that the ALJ's path is not reasonably discernible here. Given that we have no step 5 determination to review and that we may not make factual determinations, we remand for the ALJ to determine whether alternative jobs exist in the national economy that Dixon could perform.[5]

VACATED AND REMANDED.

---

[4]The Grids are a series of matrices which correlate to a set of variables -- the claimant's RFC, age, education, background, and previous work experience -- and can be used, at step 5, to determine whether claimant has the ability to adjust to other work in the national economy. On entry of these variables into their appropriate matrix, a determination of disabled or not disabled is rendered.

[5]Because we have no step 5 findings to review, we need not address Dixon's appellate arguments that she was disabled as a matter of law according to the Grids and that the VE's testimony was false.