[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

No. 09-15191
Non-Argument Calendar
_____

D. C. Docket No. 09-00318-CV-FTM-99SPC

DAVID FERNANDES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 12, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

In this case, an Administrative Law Judge ("ALJ") denied David

Fernandes's application for supplemental security income ("SSI"), 42 U.S.C. § 1383(c)(3), the Appeals Council denied Fernandes's request for review, and the denial operated as the Commissioner's final decision. Fernandes thereafter challenged the Commissioner's decision in the United States District Court for the Middle District of Florida. That court affirmed. Fernandes now appeals, arguing that substantial evidence does not support the ALJ's finding that he was not disabled on the ground that he could perform work available in the national economy. Specifically, Fernandes asserts that the hypothetical question posed by the ALJ to the vocational expert did not comprise all of Fernandes's alleged impairments.

We review the ALJ's factual findings with deference and the ALJ's legal conclusions with close scrutiny. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We will not reweigh the evidence, make credibility determinations, or substitute our judgment for that of the ALJ, but instead will review the record to determine if substantial evidence supports the ALJ's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

An individual claiming SSI benefits bears the burden of demonstrating the

2

existence of a disability as defined by the Social Security Act ("Act"). *Id.* A claimant is considered disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The social security regulations establish a "five-step sequential evaluation process" to determine whether an SSI claimant is disabled. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (quotation omitted). The ALJ must evaluate: (1) whether the claimant is engaging in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the listed impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in light of the claimant's RFC, age, education, and work experience, there is other work that the claimant can perform. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

If the claimant proves that he cannot perform his past relevant work at step four, the burden shifts to the Commissioner to show, at step five, that there is other

3

work available in the national economy that the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the ALJ finds that the claimant is able to perform other work, the ALJ "must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). One way in which the ALJ may determine whether the claimant is able to perform other work is by posing a hypothetical question to a vocational expert. *See id.* "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* Nevertheless, the ALJ's hypothetical question "need only include the claimant's impairments," as opposed to "each and every symptom" allegedly suffered by the claimant but either not supported by medical records or alleviated by medication. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (quotation omitted).

In this case, the ALJ's hypothetical question to the vocational expert was not deficient in that it omitted some of Fernandes's alleged impairments. Notably, Fernandes has failed to show that these alleged impairments had support in the record such that the ALJ needed to account for them in the hypothetical.

The judgement of the district court affirming the Commissioner's decision

4

is, accordingly,

AFFIRMED.