[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12284
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00237-WCO

TRACY DAVENPORT,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 3, 2010)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Tracy Davenport appeals the district court's order affirming the Social Security Commissioner's denial of disability insurance benefits, 42 U.S.C. § 405(g), and Supplemental Security Income, 42 U.S.C. § 1383(c)(3). On appeal, Davenport argues that substantial evidence does not support the Administrative Law Judge's ("ALJ") implicit determination that she did not meet or equal Listing 5.08 ("Weight loss due to any digestive disorder"), 20 C.F.R. § 404, Subpt. P, App. 1, Listing 5.08. After thorough review, we affirm.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

"The Listing of Impairments describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)). The claimant has the burden of proving an impairment meets or equals a listed impairment. Barron v. Sullivan, 924 F.2d 227, 229 (11th Cir.

1991). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and duration requirement." Wilson, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1525(a)-(d)). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Id. (citing 20 C.F.R. § 404.1526(a)). "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." Id. (citing 20 C.F.R. § 404.1526(a)).

Listing 5.08 provides: "Weight loss due to any digestive disorder despite continuing treatment as prescribed, with [Body Mass Index ("BMI")] of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 5.08. The formula for calculating a person's BMI is: BMI = Weight in pounds / (Height in Inches x Height in Inches) x 703. See 20 C.F.R. § 404, Subpt. P, App. 1, § 5.00(G)(2)(b).

On the record before us, Davenport arguably satisfied some of the plain language of Listing 5.08: (1) she lost weight arguably due to her dumping syndrome and (2) even though she was naturally small, she had a BMI of less than 17.50 on at

least two evaluations at least 60 days apart within a consecutive 6-month period. But, in her application for disability insurance benefits, Davenport never alleged that she had a digestive disorder or weight concerns, as she only alleged that she had been disabled due to urticarial vasculitis, asthma, and depression. Further, Davenport did not express concern over her weight loss during her hearing, she did not focus her case on her digestive problems, and, in fact, when asked if there was anything that would limit her ability to hold down a job, Davenport did not mention any digestive disorder or weight concerns. As a result, the ALJ reasonably focused his analysis on whether Davenport had an affective disorder under Listing 12.04, which is the listing for depression.

We have held that the ALJ's finding as to whether a claimant meets a listing may be implied from the record. See Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986). Likewise, the Secretary is not required to recite the evidence that leads to her determination. Id. Accordingly, substantial evidence supports the ALJ's implicit determination that Davenport did not satisfy her burden of proving she met or equaled Listing 5.08, and we affirm.

**AFFIRMED.**

4