[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11796
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00111-GRJ

WILLIAM D. QUICK, JR.,

                                                          Plaintiff-Appellant,

                    versus

COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 15, 2010)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

    William Quick appeals the district court's order affirming the

Commissioner's denial of his application for disability insurance benefits.  Quick

argues that the Administrative Law Judge erred by giving "little weight" to the opinion of Quick's treating physician and by finding Quick's testimony not fully credible.

I.

Quick filed an application for disability insurance benefits on August 8, 2005. The relevant time period for this appeal is from July 26, 2003, the date he alleges his disability began, through December 31, 2004, the date he was last insured for disability insurance benefits.

Quick has a long history of medical problems that includes obesity and issues with his elbows, hands, knees, legs, shoulders, and back. Before, during, and after the relevant time period, Quick was treated by Dr. Walter Choung, an orthopaedic surgeon.[1] The ALJ gave little weight to the opinion of Dr. Choung because it was not supported by his own clinical treatment notes. The ALJ also discredited Quick's testimony regarding the persistence, intensity, and limiting effects of his symptoms during the relevant time period because that testimony

---

[1] Quick was also treated by Dr. M. Allam Reheem, a pain management specialist. Quick also argues that the ALJ erred by discrediting the opinion of Dr. Raheem. Quick, however, failed to preserve that argument by rasing it in the district court. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).

was inconsistent with what he told Dr. Choung.  Based in part on these findings the ALJ denied Quick's application.

The Appeals Council denied Quick's request for review of the ALJ's decision.  On judicial review, the parties consented to having a magistrate judge decide the matter.  The magistrate judge affirmed the Commissioner's decision, and this appeal followed.

## II.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  (quoting Lewis, 125 F.3d at 1439)  "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  Id. at 1159–60 (quoting  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## A.

"[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  Lewis, 125

F.3d at 1440. We have "found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Id.

Here, the ALJ had good cause to give "little weight" to Dr. Choung's contentions because his written evaluation of Quick was inconsistent with his own clinical treatment notes. Specifically, in a residual functional capacity evaluation prepared by Dr. Choung, he wrote that based on Quick's condition from June 29, 2001 to January 27, 2005, Quick could not work for more than one hour per day. According to the report, the sole basis for Dr. Choung's assessment was that Quick had degenerative joint disease of the lumbar spine.

The record, however, shows that although Dr. Choung examined Quick on sixteen different occasions during the relevant time period, he never wrote in his clinical treatment notes that Quick had complained about his back, nor did he ever write that he had physically examined Quick's back. Instead, Dr. Choung received complaints about, and examined, Quick's right elbow, right hand, left shoulder, and left knee. After the relevant time period, however, on eight occasions Dr. Choung wrote in his clinical notes that Quick had complaints about his back.[2]

B.

---

[2] Dr. Choung's clinical notes indicate that Quick complained about his back on the following dates: October 27, 2005; November 3, 2005; June 19, 2006; February 12, 2007; June 8, 2007; June 15, 2007; June 22, 2007; and July 20, 2007.

4

The ALJ may discredit the claimant's subjective testimony, but "he must articulate explicit and adequate reasons for doing so." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). Here, the ALJ found that Quick's testimony was contradicted by evidence indicating that his back problems did not escalate until after the relevant time period. Quick testified that during the relevant time period he was disabled due to his "lower back," where his pain was a "nine" out of ten, with ten being the greatest amount of pain he could experience. If this were true, it is reasonable to expect that Quick would have complained to Dr. Choung about his back problems as he did on eight different occasions after the relevant time period. However, as we have discussed, during the relevant time period there is no indication that he ever complained to Dr. Choung about his back or that Dr. Choung ever physically examined Quick's back.

The ALJ also found that Quick's testimony concerning the persistence, intensity, and limiting effects of his symptoms during the relevant time period not to be fully credible because it was contradicted by improvements in his conditions noted by Dr. Choung. That finding is also supported by the record. Dr. Choung's clinical notes on August 29, 2003 state "[t]he patient has noted some improvement in regards to pain radiation to the dorsum of the forearm," and his notes on April 22, 2004 state "[t]here has been significant improvement since his last visit," and

5

his notes on May 6, 2004 state "[Quick] has made improvements since his last visit," and his notes on June 24, 2004 state "[Quick] has noted some improvement," and his notes on August 16, 2004 state "[Quick] notes that he continues to improve." Accordingly, the ALJ articulated adequate reasons for discrediting Quick's testimony and substantial evidence supports his finding.

**AFFIRMED.**