[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11772
Non-Argument Calendar
_____

D. C. Docket No. 07-00014-CV-1-MP-WCS

SHERRIN M. SCHUHARDT,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee,

LINDA S. MCMAHON,

Respondent.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 17, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sherrin M. Schuhardt applied for Social Security disability benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383(a)(3). The Administrative Law Judge ("ALJ") determined that Schuhardt was ineligible for disability benefits. The ALJ found that she was not disabled and could perform her past relevant work. The district court adopted the magistrate judge's report and recommendation and affirmed.

On appeal, Schuhardt argues that substantial evidence does not support the ALJ's failure to give considerable weight to her treating physician's opinion. She further argues that substantial evidence does not support the ALJ's finding that her subjective evidence of pain lacked credibility. We affirm.

## I. STANDARD OF REVIEW

In reviewing a denial of disability benefits, "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]; rather [w]e must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citation and quotation marks omitted) (first and third alterations in original). "Substantial evidence . . . is more than a scintilla, but less than a preponderance: [i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citation

2

and quotation marks omitted) (alteration in original).

## II. DISCUSSION

### A.   *Substantial Evidence Review*

As a preliminary matter, the Commissioner argues that because Schuhardt did not object to the magistrate judge's report, Schuhardt waived substantial evidence review. We disagree because the district court reviewed the ALJ's factual findings to determine whether they were supported by substantial evidence. *See id.* Since neither the magistrate judge nor the district court made any factual findings to which Schuhardt could have objected, she did not waive substantial evidence review. We will accordingly review the ALJ's decision and determine whether it is supported by substantial evidence.

### B.   *The ALJ's Decision*

In evaluating a claim for disability benefits, the ALJ evaluates the claimant's case according to the following five steps:

> 1. Is the individual performing substantial gainful activity;
>
> 2. Does she have a severe impairment;
>
> 3. Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;
>
> 4. Can she perform her past relevant work; and

3

> 5.  Based on her age, education, and work experience,
> can she perform other work of the sort found in the
> national economy.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). At the fourth and fifth steps, the ALJ determines the claimant's Residual Functional Capacity ("RFC") and ability to perform her past relevant work by considering her ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, crouch, and other work-related physical demands. *See* 20 C.F.R. §§ 404.1520(e) and (f), 404.1545(b).

To support a conclusion that the claimant is able to return to her past relevant work, "the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments." *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). The claimant bears the burden of demonstrating that she cannot return to her past relevant work. *Id.* at 1571.

Here, the ALJ ended the analysis at the fourth step, concluding that Schuhardt could perform her past relevant work. The ALJ found that the treating physician's opinion was entitled to little weight and that Schuhardt's subjective evidence of pain was not credible. We discuss each finding in turn.

### 1.    *The Treating Physician's Opinion*

The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, the amount of objective

4

support underlying the opinion, whether an opinion is consistent with the record, and a doctor's specialization. 20 C.F.R. § 404.1527(d)(1)-(6). The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than non-treating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists. *See* § 404.1527(d)(1), (2), (5). When the ALJ does not give controlling weight to the treating physician's opinion, the ALJ applies other factors such as the length of treatment, the frequency of examination, the nature and extent of the relationship, the opinion's supportability, the opinion's consistency with other evidence, and the physician's specialization. *See* § 404.1527(d)(2)-(6).

The treating physician's opinion "must be given substantial or considerable weight unless good cause is shown to the contrary." *Phillips*, 357 F.3d at 1240 (citation and quotation marks omitted). "[G]ood cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241 (citation and quotation marks omitted). When the ALJ articulates specific reasons for not giving the treating physician's opinion controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *See Moore v. Barnhart*, 405 F.3d

5

1208, 1212 (11th Cir. 2005) (per curiam).

Here, the treating physician found that Schuhardt could work only 6 to 7 hours a day, 5 days a week if she could sit or stand at will. The physician reported in February 2004 that Schuhardt could not type or sit in one position for a prolonged period of time. But the physician reported in October 2005 that Schuhardt's Permanent Impairment Rating was 4% of the whole person. He did not restrict her from typing, and he did not report that she was completely disabled. He further reported that Schuhardt's Percocet medication provided 10 to 12 hours of relief, which was greater than 6 to 7 hours. Because the treating physician's medical records contradicted his RFC evaluation, substantial evidence supported the ALJ's decision to give limited weight to the treating physician's opinion.

*2.     Schuhardt's Subjective Evidence of Pain*

A "pain standard" applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. The pain standard requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). When evaluating a claimant's subjective symptoms, the ALJ

must consider the following factors, among others: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(iv).

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* at 1562.

Schuhardt told her physician in 2002 that physical therapy was working. But in 2003 she said that she stopped going because it caused too much pain. Nevertheless, she did home exercises including stretching and using a stationary bike. She also confirmed that her Percocet medication provided 10 to 12 hours of relief. Because Schuhardt made prior statements that were inconsistent with her testimony that she was constantly in pain, there was substantial evidence for the ALJ to find that her subjective pain testimony was not credible.

7

### III. CONCLUSION

After thoroughly reviewing the record and the parties' briefs, we find no reversible error. We find that substantial evidence supports the ALJ's finding that Schuhardt was not disabled and could perform her past relevant work. Accordingly, we affirm.

**AFFIRMED.**