[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

No. 10-12197
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-00119-MP-AK

DEBRA A. HUTCHINSON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 18, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Debra Hutchinson appeals through counsel the district court's judgment

affirming the Commissioner's denial of her disability insurance benefits under 42

U.S.C. § 405(g). Hutchinson argues that the administrative law judge erred by not finding her depression, anxiety, or a combination of both impairments severe at the second step of the Social Security sequential evaluation.[1] Hutchinson also argues that substantial evidence does not support the ALJ's decision that she can return to her past relevant work. She asserts that substantial evidence shows that she cannot work a 40-hour work week due to chronic incontinence, severe pain from fibromyalgia, depression, and anxiety. She submits that she cannot work full-time because she needs to take extra bathroom breaks, preventing her from returning to her past relevant full-time work.

Our review of the Commissioner's decision is "demarcated by a deferential reconsideration of the findings of fact and an exacting examination of the conclusions of law." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The Commissioner's "conclusions of law . . . are not presumed valid" and are reviewed de novo, but the Commissioner's factual findings are conclusive if "supported by substantial evidence." Id. (quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance: it is such relevant

---

[1] Hutchinson also makes a passing reference to her "neck pain" in her brief to this Court. It is unclear what impairment "neck pain" references because it was not one of the impairments claimed by Hutchinson. She offers no argument to clarify that issue in her brief and has thus abandoned it. See Davis v. Jones, 506 F.3d 1325, 1330 n.8 (11th Cir. 2007) (holding that failing to develop argument in the briefs abandons that issue).

evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks and alterations omitted).

The Social Security regulations provide a five-step sequential evaluation process to determine if a claimant has shown she is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Hutchinson challenges aspects of the ALJ's findings at the second and fourth steps of that process. The second step requires the claimant to show that she has an impairment or impairment combination that is severe. See id. The fourth step requires the claimant to prove that she is unable to perform her past relevant work. See id.

I.

The claimant bears the burden of showing that she has a severe impairment or combination of impairments that may qualify as a disability. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). While that burden is "mild," id., proof of the mere existence of impairments does not prove the extent to which they limit a claimant's ability to work. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he 'severity' of a . . . disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.") Impairments alone or in combination are severe if they "significantly limit the claimant's physical or

3

mental ability to perform basic work skills" like standing, sitting, seeing, hearing, speaking, using judgment, and following simple instructions. Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (quotation marks omitted); see also 20 C.F.R. § 416.921(b). If contrary to other evidence, a claimant's subjective testimony about pain and other symptoms may be discredited by the ALJ. See Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). But that testimony must be accepted as true if the ALJ fails to articulate reasons for rejecting it. Id.

The bulk of the evidence Hutchinson presented about her depression and anxiety was subjective. The ALJ properly articulated reasons supported by substantial evidence that Hutchinson's subjective testimony about the intensity, persistence, and limiting effects of her symptoms was "not entirely credible." The scant objective evidence, even if viewed in Hutchinson's favor, merely established at most that the depression and anxiety existed. She had no objective history of treatment for mental impairments and never sought counseling or hospitalization for her depression or anxiety. She did not objectively show when or how it affected her ability to perform basic work skills. Substantial evidence thus supported the ALJ's decision that Hutchinson's alleged depression and anxiety "resulted in no restriction of activities of daily living, no difficulties in

4

maintaining social functioning, and no difficulties in maintaining concentration, persistence, or pace without episodes of decompensation."

Hutchinson also argues that the ALJ did not consider her impairments of depression and anxiety in combination. We disagree. The ALJ specifically stated that Hutchinson did not have an "impairment, individually or in combination" that met one of the listed impairments in evaluating step three of the process. That statement shows that the ALJ considered the combined effects of Hutchinson's impairments during her evaluation. See Jones v. Dept. of Health and Human Servs., 941 F.2d 1529, 1533 (11th Cir. 1991).

II.

The Social Security regulations place a very heavy burden on the claimant to show an inability to perform past relevant work. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Hutchinson argues that the ALJ improperly gave less weight to the opinion of her treating physician, Dr. Richard King, and that the ALJ's denial of benefits is contrary to the testimony of the vocational expert.

Medical opinions are statements from physicians or other medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis, what the applicant can still do despite her impairments, and any physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). Opinions from

5

medical sources on some issues are "not medical opinions" because they are reserved for the Commissioner as "administrative findings that are dispositive of the case; i.e., that would direct the determination or decision of disability." Id. § 404.1527(e).

The opinions of treating physicians, like Dr. King, are generally entitled to more weight than non-treating physicians unless "good cause" is shown. See id. § 416.927(d); Phillips, 357 F.3d at 1240. Good cause exists when a physician's opinion is contrary to or unsupported by the evidence of record. Phillips, 357 F.3d at 1241. Where the ALJ articulates specific reasons supported by substantial evidence for not giving the opinion of a treating physician controlling weight, no reversible error exists. See Moore, 405 F.3d at 1212.

Hutchinson makes much in her brief of Dr. King's opinion that her bladder incontinence "causes a great deal of difficulty holding a job." The ALJ, however, noted that Dr. King gave the opinion in September 2003 and did not see Hutchinson again until May 2005. The ALJ did not give that opinion great weight because after it was rendered, Hutchinson performed missionary work in the Dominican Republic that she said was "very hard." Additionally, whether Hutchinson could hold a job is a vocational opinion, not a medical one. That question is reserved to the ALJ. See 20 C.F.R. § 404.1527(e).

6

The ALJ gave great weight to the vocational expert's testimony that a hypothetical claimant with Hutchinson's impairments could perform medium work. Hutchinson argues that the ALJ incorrectly ignored the vocational expert's testimony regarding a second hypothetical claimant who could not perform such work because of four to six extra bathroom breaks a day.

That argument misses a key point: the ALJ specifically found that Hutchinson was not that second hypothetical claimant who required numerous extra breaks. As we have already mentioned, the ALJ found Hutchinson's "allegations and subjective symptoms . . . out of proportion and inconsistent with the medical evidence and . . . not fully credible." The ALJ articulated specific reasons for those findings, including among other things Hutchinson's ability to drive and attend to her personal needs, her refusal to complete a urgency/frequency symptom scale for her incontinence, and her ability to perform "very hard" missionary work in the Dominican Republic. The ALJ reasonably discredited her uncorroborated testimony about her need for numerous bathroom and other breaks during the work day. Substantial evidence thus supports the ALJ's residual functional capacity finding that Hutchinson could still perform medium work.

**AFFIRMED.**

7