[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12541
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00219-MP-AK

TANYA L APONE,

Plaintiff - Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 25, 2011)

Before EDMONDSON, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Tanya Apone appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits. The district court earlier had remanded the case back to the Commissioner with instructions. No reversible error has been shown; we affirm.

A person who applies for Social Security disability benefits must prove that she is disabled. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment;[2] (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

---

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

[2]Here, the Administrative Law Judge ("ALJ") concluded that Apone suffered from the severe impairments of degenerative disc disease of the lumbar and cervical spine, carpal tunnel syndrome status-post release, degenerative joint disease of the knees, migraine headaches, fibromyalgia, obesity, and an affective disorder.

In the first decision, the ALJ concluded that Apone retained the ability to handle objects on "at least an occasional basis," but that she could not perform a full range of light work. After consulting the Medical-Vocational Guidelines, the ALJ determined that a significant number of jobs existed that Apone could perform and, therefore, she was not disabled. But an ALJ must consult a vocational expert ("VE"), and may not rely solely on the Guidelines, if the ALJ concludes that the claimant is unable to perform a full range of work at a given residual functional level or that the "claimant has nonexertional impairments that significantly limit basic work skills." See Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004) (internal quotation and citation omitted).[3]

So, the Appeals Council instructed the ALJ, on remand, to elicit the testimony of a VE to identify the number of jobs, if any, that Apone could perform in the light of her manual dexterity limitations. The Appeals Council also instructed the ALJ to evaluate further Apone's mental limitations and provide record evidence in support of any assessed mental limitations. On appeal, Apone argues that the ALJ failed to comply with the remand order because the ALJ did

---

[3]The VE is an expert on the kinds of jobs a person can perform based on her capacity and impairments. Id. at 1240.

not ask the VE the questions outlined in the remand order about her manual dexterity limitations and asked the VE no questions about her mental impairment.

Whether a court complied with a mandate is an issue of law that we review de novo. See Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp., 943 F.2d 1511, 1517 (11th Cir. 1991) (where this Court reviewed compliance with its own mandate). A court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985).[4]

Here, because the ALJ solicited opinions from the VE on remand, instead of relying on the Guidelines, the ALJ complied with the remand order. The ALJ's questions to the VE clearly incorporated Apone's limitations in manual dexterity. In one hypothetical, the ALJ included a limitation that a person occasionally could use their upper extremities for repetitive use in pushing and pulling; and the VE replied that the person could work as a security officer or security guard because those positions required light exertion and were semi-skilled. In another

---

[4]In general, our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). But here, Apone challenges only whether the ALJ complied with the remand order.

hypothetical, the ALJ stated that a person could occasionally lift, carry, push and pull, and use their arms on a repetitive basis. The VE responded that this person could work as a cashier or fast-food worker. And if a person further was restricted to only occasionally handling items, like Apone, that person still could work, according to the VE, as a surveillance system monitor or a charge account clerk, both sedentary jobs. Apone makes no challenge to the ALJ's findings about her manual dexterity limitations and fails to explain how the ALJ's hypothetical questions to the VE ignored the remand order.

And about Apone's limitations because of her mental impairment, the ALJ listed specifically her non-exertional limitations in the RFC determination, noting that she had the ability to perform only simple, routine, and repetitive tasks. Contrary to Apone's assertions, the ALJ posed these non-exertional limitations in a hypothetical to the VE. In addition, the ALJ followed the mandate in discussing the record evidence about Apone's mental impairment and assessing her ability to work in spite of the impairment. Apone's appellate assertion that the hypothetical should have included that her mental impairment required her to take longer and more frequent breaks from working simply is unsupported by record evidence.

Apone has failed to demonstrate the ALJ's non-compliance with the remand order.

AFFIRMED.