[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11527
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00205-MP-GRJ

KATHLEEN KUHL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 14, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kathleen Kuhl appeals the district court's order affirming the Social

Security Commissioner's ("Commissioner") denial of her application for disability

insurance benefits, 42 U.S.C. § 405(g), and supplemental security income benefits, 42 U.S.C. § 1383(c)(3). On appeal, Kuhl argues that the Administrative Law Judge ("ALJ") erred in finding that her depression was not a severe impairment, and failed to consider properly her depression in combination with her other impairments. After review, we affirm.[1]

## I. FACTUAL BACKGROUND

In August 2006, Kuhl applied for benefits due to hypertension and pain in her lower back, left shoulder and ribs. Kuhl alleged an onset date of May 1, 2006. After Kuhl's application was denied initially and upon reconsideration, Kuhl requested a hearing before an ALJ.

Prior to the September 2008 hearing, Kuhl submitted additional medical records showing that from September 2006 to June 2008 she was treated for major depression at the A.C.O.R.N. clinic and was prescribed Effexor. At the hearing, Kuhl testified about, inter alia, her depression and its symptoms.

Afterward, the ALJ denied Kuhl's application, finding that Kuhl: (1) had not engaged in substantial gainful activity since May 1, 2006; (2) had the severe

---

[1]We review de novo the legal principles underlying the Commissioner's final decision, but review "the resulting decision only to determine whether it is supported by substantial evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

impairments of "back and leg pain," but her depression was not a severe impairment; (3) did not have an impairment or combination of impairments that met or equaled a listed impairment; (4) had the residual functional capacity ("RFC") to perform a full range of light work; and (5) could perform her past relevant work as a driver for a car dealership. The Appeals Council denied review of the ALJ's decision, making it the final decision of the Commissioner. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). Kuhl appealed.

## II. DISCUSSION

### A. Five-Step Evaluation

Under the five-step sequential evaluation used to determine whether a claimant is disabled, the ALJ considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the severe impairment meets or equals an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's age, education and work experience, the claimant can perform other work that exists in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden is on the claimant to prove the first four steps, and if the claimant does so, the

3

burden shifts to the Commissioner to prove the fifth step. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

## B.      Second Step – Severe Impairments

On appeal, Kuhl challenges only the ALJ's findings as to the second step. Specifically, Kuhl argues that ALJ erred in finding that her depression was not a severe impairment.

An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" include: physical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." McCruter v. Bowen, 791 F.2d 1544, 1546 (11th Cir. 1986). The claimant's "burden at step two is mild" and

"allows only claims based on the most trivial impairments to be rejected."

McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

**C.     Kuhl's Claim**

Here, the ALJ's finding that Kuhl's depression was not a severe impairment is supported by substantial evidence.  As the ALJ found, Kuhl was able to work as a driver until February 2008, when she quit her job to care for her ex-boyfriend who was injured in a motorcycle accident.  Kuhl testified that she worked an average of 30 to 32 hours each week taking care of his personal needs, cooking and cleaning.  Moreover, Kuhl's mental status examinations ("MSEs"), conducted by A.C.O.R.N. staff over the treatment period, were consistently normal.  According to the MSEs, Kuhl denied depressive symptoms and stated she saw improvement with Effexor.  More recent diagnoses in the MSEs indicated that Kuhl's depression was in partial remission.[2]

Kuhl argues that the ALJ failed to assess her credibility.  Although the ALJ did not make an explicit credibility finding or specify the weight given to Kuhl's testimony, he appears to have credited Kuhl's testimony.  Furthermore, "a lack of

_____

[2]Kuhl's claim that the ALJ ignored her evidence from A.C.O.R.N. is belied by the record. The ALJ included a detailed and accurate review of Kuhl's A.C.O.R.N. records and relied upon them (and Kuhl's hearing testimony) in finding that Kuhl's depression was not a severe impairment.  In addition, the ALJ rejected the opinions of two state agency consultants finding no medically determinable mental impairment because they did not have the opportunity to review the A.C.O.R.N. records.

an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995). Kuhl's testimony was not critical to her claim because she did not testify to any facts indicating that her depressive symptoms "significantly limited" her ability to do basic work activities.

Kuhl testified that she: (1) sometimes wanted to hide from everyone and could not deal with people snapping at her, but that she got along very well with people ninety percent of the time; (2) cried daily, but believed Effexor helped her with the crying; and (3) had problems remembering to pay her bills. However, Kuhl did not testify that these issues significantly limited any basic work activity, such as carrying out and remembering simple instructions, using judgment, dealing with changes in routine work setting, or responding appropriately to supervision, coworkers or usual work situations. See 20 C.F.R. §§ 404.1521(b), 416.921(b) (defining basic work activities).

Finally, contrary to Kuhl's claim on appeal, the ALJ properly considered Kuhl's depression in combination with her physical impairments. The ALJ specifically noted that he had "given particular consideration to the claimant's physical impairments and emotional impairments" in determining that Kuhl did not have an impairment or combination of impairments that met or equaled a listed

6

impairment.  See Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (concluding that the ALJ's statement that the claimant did not have an impairment or combination of impairments that met a listed impairment was sufficient to show that the ALJ considered the combined effect of the impairments).

In sum, substantial evidence supports the ALJ's findings and denial of benefits.

**AFFIRMED.**