[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

No. 11-15295
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02086-AEP

MARY ANN CURRIE,

                                        Plaintiff-Appellant,

                    versus

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 5, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Mary Ann Currie appeals the administrative law judge's ("ALJ") denial of disability insurance benefits under Titles II and XVIII. The Social Security Administration ("SSA") initially determined that Currie was disabled as of April 1, 1997. In 2004, SSA reopened her claim after learning of her activities as the president and sole shareholder of Lovely Lady Figure Salon, Inc. ("Lovely Lady"). On appeal, Currie argues that substantial evidence did not support the ALJ's determination that she engaged in substantial gainful activity since April 1997 because her participation in Lovely Lady's operations was minimal and there was no evidence that her services were worth the amounts shown in 20 C.F.R. § 404.1574(b)(2).

We review de novo the district court's decision on whether substantial evidence supports the ALJ's findings, and whether the ALJ applied proper legal standards. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (quotation omitted). We may not reweigh the evidence and decide the facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence, even though the evidence may preponderate against it. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Eligibility for disability insurance benefits requires that the claimant is under a disability. 42 U.S.C. § 423(a)(1)(E). A claimant is under a disability if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *Id*. § 423(d)(1)(A). The claimant bears the burden of proving her disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In order to determine whether a claimant is disabled, SSA applies a 5-step sequential evaluation. 20 C.F.R. § 404.1520(a)(4). If SSA finds that a claimant is disabled or not disabled at any step of the process, it does not proceed further with the claim. *Id*. At the first step of the evaluation, the claimant must show that she is not engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). A claimant who is performing substantial gainful activity is not disabled. *Id.* § 404.1520(b). "Substantial work activity" is work that involves doing significant physical or mental activities, and includes part-time work. *Id.* § 404.1572(a). "Gainful work activity" is work activity done for pay or profit. *Id*. § 404.1572(b). Work activity is gainful so long as it is the kind of work usually performed for pay or profit, regardless of whether a profit is actually realized. *Id*.

3

To determine whether an employee is performing substantial gainful activity, SSA ordinarily considers whether the claimant's wages that were derived from work activity exceed minimum thresholds. *See id*. § 404.1574(b). When evidence indicates a claimant controls the timing or amount of her own wages, SSA considers additional evidence, including whether the claimant's work is comparable to that of unimpaired people in the claimant's community who are doing the same or similar occupations as a means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work. *Id*. § 404.1574(b)(3)(ii)(A). SSA may also consider whether the claimant's work is clearly worth the minimum income threshold, according to the pay scales in the claimant's community. *Id*. § 404.1574(b)(3)(ii)(B).

To determine whether a claimant is engaging in substantial gainful activity, SSA considers the time spent on the work, the quality of the claimant's performance, whether the claimant is self-employed, any need for special conditions or supervision, the use of experience, skills, and responsibilities, and whether the worker contributes substantially to the operation of the business. *Id*. § 404.1573.

The ALJ found Currie's services were worth more than the minimum income threshold, and Currie engaged in substantial gainful activity since April

4

1997. After a careful and thorough review of the administrative record and the parties' briefs, we conclude that substantial evidence supports the ALJ's findings. We therefore affirm the ALJ's denial of disability insurance benefits.

**AFFIRMED.**