[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15212
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-02011-AKK


TINA WHITTEN DAMONE,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 1, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tina Damone appeals the denial of her application for supplemental security income and disability insurance benefits. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Damone argues that the administrative law judge erred by failing to consider her combination of impairments, discrediting her subjective complaints of pain, and discounting the opinion of her treating physician, Dr. Derrick Bowling. We affirm.

The administrative law judge considered the combination of Damone's impairments in determining whether she was disabled. In his decision, the administrative law judge stated that Damone had four severe impairments: "first right toe arthritis status post reconstructive surgery, lumbar degenerative disk disease, affective disorder and personality disorder." But the administrative law judge found that Damone's combination of impairments did not "meet[] or medically equal[] the severity of one of the [listed] impairments." *See Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). The administrative law judge explained how Damone's toe injury did "not meet the criteria . . . dealing with major dysfunction of a joint"; how her disk disease did not satisfy the criteria to qualify as a "disorder[] of the spine"; how her "mental impairments, considered singly and in combination, [did] not meet or medically equal" a listed impairment; and how her daily activities revealed that her impairments were not disabling.

2

The administrative law judge was entitled to discredit Damone's testimony about the limiting effects of her pain and her impairments. Damone testified that she could sit, stand, and walk between 15 and 30 minutes, she had to lay down for 2 to 3 hours between 8:00 a.m. and 5:00 p.m., she could not perform a chore for more than 30 minutes, her medications caused her to be drowsy, she had poor balance that caused her to fall frequently, and she had difficulty concentrating for more than 30 minutes. Even though Damone's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms," substantial evidence supported the finding of the administrative law judge that Damone's "statements concerning the intensity, persistence and limiting effects of [her] symptoms" and her "allegations of pain and functional restrictions [were] disproportionate to the objective medical evidence" and to her "descri[ption] . . . [of] normal daily activities." *See Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Medical notes from orthopedic physicians Dr. Gary Russell and Dr. John Featheringill reflected that Damone refused to stop smoking to allow her toe to heal. And Dr. Bowling's treatment notes reflected that Damone had "good tolerance of her usual medication" and that, "except for exacerbations, [her] pain [was] generally controlled with medications." Despite Damone's complaint of "disabling back pain," she told Dr. Bowling that she had helped move a tree off her parents' car. Damone also stated in a function report and during her testimony that

she cleaned her house, washed dishes, made her bed, cooked and tended to her personal hygiene, swam, participated in arts and crafts, went shopping, cared for and walked her dog to her parents' home, worked in her parents' yard, drove a car, and managed her finances. Although Dr. Bowling increased the dosages of and changed Damone's medications, he did so usually to alleviate her self-inflicted injuries caused, for example, by moving heavy items or spraining her foot. The administrative law judge provided "explicit and adequate reasons" to discredit Damone's testimony. *See id.*

Substantial evidence supports the administrative law judge's decision to discount Dr. Bowling's opinion that Damone was totally disabled as of May 2011. As the administrative law judge stated, Dr. Bowling's opinion was "inconsistent with other medical evidence, his own records, and particularly with the objective diagnostic imaging." *See Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). Dr. Bowling's opinion that Damone had debilitating pain from her lumber spine was inconsistent with magnetic resonance imaging tests in 2008 and 2009 that showed "mild" disc disease and bulges, with the doctor's sworn statement that Damone's pain was exceptional based on the test results, and with his treatment notes that Damone's back pain was controlled with medication. Dr. Bowling reported that Damone suffered from chronic pain in her right foot, but Dr. Featheringill reported in March 2011 that Damone's foot injury did not affect her

4

stance or stability. Dr. Bowling also recorded that Damone's foot pain was alleviated with medication and that her functioning had improved. Dr. Bowling's portrayal of Damone's fibromyalgia as incapacitating was inconsistent with his treatment notes that her condition was stable except for a brief period in early 2010 and with Dr. Jose Ruiz's report that Damone was malingering during a physical residual function assessment. And the medical records did not reflect that Damone's mental impairments were debilitating. Dr. Bowling recorded in his treatment notes that Damone's depression and attention deficit hyperactivity disorder were controlled with medication. Dr. Michael Holt, the only physician to conduct a comprehensive mental evaluation, and Dr. Robert Estock, a psychiatrist who performed a mental residual functional capacity assessment, reported that Damone had a moderate limitation to understand, remember, and carry out instructions and to respond to supervision, coworkers, and pressure, and that she had a mild impairment in her ability to deal with interpersonal conflict and stress. The administrative law judge had good cause to discount Dr. Bowling's opinion that Damone was unable to work. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

We **AFFIRM** the denial of Damone's application for benefits.