[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14663
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00485-TMP


RICHARD MARTIN DEAN,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 24, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

Richard Dean appeals an order affirming the denial of his application for disability insurance benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). Dean challenges the decision to discount the medical opinions of Dr. Adam Alterman, Dr. David Wilson, and Dr. Sathyan Iyer. Dean also challenges the failure of the Commissioner to identify a date for his onset of disability and the finding that he was not mentally disabled under Listings 12.04 and 12.06 of the Code of Federal Regulations. We affirm.

The administrative law judge had good cause to give little weight to Dr. Alterman's opinion that Dean was physically and mentally disabled. Although the opinion of a treating physician like Dr. Alterman ordinarily is entitled to substantial weight, the administrative law judge was entitled to reject the doctor's opinion as inconsistent with his medical notes and with other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Dr. Alterman opined on July 24, 2014, that Dean could sit for eight hours, stand for one hour, walk less than one hour, required breaks every 30 minutes, and needed to lay down or elevate his legs for five hours, but that opinion was inconsistent with his medical notes on July 23, 2014, that Dean had normal strength in his upper and lower extremities and that Dean was employed as a truck driver. Dr. Alterman's opinion also conflicted with his records of 15 examinations between January 2012 and March 2014 that reported Dean had normal strength in all his extremities and with

2

Dean's function report that he performed household chores, drove, and shopped. Dr. Alterman also opined that Dean could concentrate no longer than 15 minutes and that his medication caused debilitating side effects, but the doctor's medical notes recorded no side effects from the medications he prescribed that controlled, and at times eliminated, Dean's anxiety. The doctor's opinion about Dean's mental limitations also was inconsistent with Dean's statements in his function report that he left the house alone, paid bills, managed his savings and checking accounts, and purchased money orders.

Substantial evidence supports the administrative law judge's decision to give little weight to Dr. Wilson's opinion that Dean was mentally disabled. Dr. Wilson opined that, beginning July 6, 2011, Dean had "very poor mental control and attention" and had "problems with short term and working memory," but Dr. Wilson examined Dean only once in September 2015 when he could have determined that Dean's disabling limitations dated to 2011 only by reviewing his medical records, which reported no severe mental limitations. *See* 20 C.F.R. § 404.1527(c)(2), (c)(3) (weighing the length of the medical relationship and support for the medical opinion). And the administrative law judge was entitled to discount Dr. Wilson's opinion as inaccurate because Dean had discontinued his medication. Dr. Wilson's opinion also was inconsistent with the opinions given in March 2014 by Dr. Jack Bentley that Dean's memory and psychomotor skills were

3

normal and by Dr. Robert Estock that Dean could complete an eight-hour workday and could remember and complete simple tasks. *See id.* § 416.927(c)(6) (considering "other information in your case record").

Substantial evidence also supports the administrative law judge's decision to discount Dr. Iyer's assessment that Dean was limited to performing a restricted range of sedentary work. Because Dr. Iyer performed a consultative examination, his opinion was not entitled to the substantial weight due the opinion of a treating physician. *See id.* § 404.1527(c)(2). Dr. Iyer's assessment that Dean could lift and carry no more than 10 pounds occasionally and could sit, stand, and walk for one-hour periods but for no more than four hours a day was inconsistent with his medical notes that the muscle power in Dean's legs was normal and that he had no other physical limitations other than an inability to use heavy weights and a limitation on his overhead activities. The October 2014 assessment also conflicted with Dean's testimony that he could lift his right arm above his head and with Dr. Alterman's medical notes in July 2014 that Dean had normal strength in his upper and lower extremities and was employed as a truck driver.

Dean argues, for the first time on appeal, that the administrative law judge failed to ascertain the onset date of Dean's disability, but the administrative law judge had no reason to make such a finding. The onset date of a disability is relevant only when the administrative law judge finds that a claimant is disabled.

4

Because the administrative law judge found that Dean was not disabled, he had no need to determine an onset date.

Substantial evidence supports the finding of the administrative law judge that Dean's depression and anxiety did not meet the criteria of Listing 12.04 or Listing 12.06. Dean presented no evidence that he had a marked restriction in his daily activities, his social functioning, or his ability to maintain concentration, persistence, or pace caused by "[m]edically documented persistence, either continuous or intermittent," of a depressive syndrome or caused by "[g]eneralized persistent anxiety." *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06. Dr. Alterman recorded that he eliminated Dean's depression with B12 and folate and alleviated Dean's anxiety with medication. And Dean's and his wife's function reports revealed that he was capable of social interaction and of living autonomously. *See id.* § 12.00 (evaluating if the degree of limitation interferes seriously with a claimant's ability to function "independently, appropriately, effectively, and on a sustained basis"). Dean and his wife reported that they lived together and that he shopped, prepared his meals, performed household chores, drove, and managed his finances. Dean argues that a magistrate judge erroneously affirmed the decision of administrative law judge "on a *post hoc* rationalization," but the decision of the magistrate judge is of no moment because our review "is limited to an inquiry into whether there is substantial evidence to support the

5

findings of the Commissioner," *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

We **AFFIRM** the denial of Dean's application for benefits.