[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15671
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00344-WKW-SRW


NAOMI MCMILLIAN,
o.b.o. A.T.F.,

                                                            Plaintiff-Appellant,


versus


COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 6, 2013)


Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Naomi McMillian, on behalf of her minor child, A.T.F., appeals the district court's order affirming the denial by the Social Security Commissioner ("Commissioner") of supplemental security income ("SSI") benefits.  McMillian argues that the Administrative Law Judge ("ALJ") erred in determining that A.T.F.'s impairments did not medically equal a listed impairment.  Briefly stated, she asserts that the ALJ failed to consider the combination of A.T.F.'s impairments, gave insufficient weight to his medical history before March 2007, and failed to consider A.T.F.'s use of corticosteroids to treat his asthma.

We review the Commissioner's final decision "to determine if it is supported by substantial evidence and based on proper legal standards."  *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* at 1440.  "Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

An individual under the age of 18 is considered to be disabled if he or she "has a medically determinable physical or mental impairment, which results in

2

marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). "Federal regulations set forth the process by which the SSA determines if a child is disabled and thereby eligible for disability benefits." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004). At the first step of this process, the ALJ must determine whether the child is doing "substantial gainful activity." *Id.* If not, the ALJ must determine whether the child has a medically determinable impairment or combination of impairments that is severe. *Id.* If the child has a severe impairment, the ALJ then determines whether the impairment "causes marked and severe functional limitations for the child." *Id.* (quotation omitted). "A child's impairment is recognized as causing marked and severe functional limitations if those limitations meet, medically equal, or functionally equal" a listed impairment at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 1279 (quotation and alterations omitted).

"To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). To "equal" a Listing, the medical findings must be "at least equal in severity and duration" to the listed findings. *See*

3

20 C.F.R. § 404.1526(a).  Where a claimant has alleged several impairments, the ALJ is required to consider the impairments in combination and to determine whether the combined impairments are medically equivalent to a listed impairment.  *See Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991).

To meet Listing 103.03(C)(2), for asthma, the claimant must suffer from "[p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with . . . [s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(C)(2).

Substantial evidence supported the ALJ's determination that A.T.F.'s impairments did not medically equal a Listing.  The ALJ sufficiently explained his decision, stating that he considered A.T.F.'s impairments singularly and in combination, and compared them to the Listing requirements.  The record does not show that the ALJ failed to consider A.T.F.'s impairments (including his recurrent ear problems) in combination, that A.T.F.'s medical history prior to March 2007 was entitled to greater weight than it received, or that -- especially given the exhibits reflecting administration of corticosteroids and the ALJ's discussion of A.T.F.'s history of treatment for upper respiratory problems -- the ALJ failed to

consider A.T.F.'s use of corticosteroids.  For background, see *Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002); *Hutchison v. Bowen*, 787 F.2d 1461 (11th Cir. 1986).

**AFFIRMED.**