[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12302
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00432-JDW-AEP

DELAILAH LORENZI,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 30, 2013)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Delailah Lorenzi appeals the district court's judgment affirming the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income, 42 U.S.C. §§ 405(g), 1383(c)(3).  On appeal, Lorenzi argues the Administrative Law Judge's (ALJ) determination that she was not disabled was not supported by substantial evidence.  Specifically, she claims: (1) the ALJ improperly rejected the opinion of Lorenzi's treating physician and her testimony regarding her hand problems; and (2) the ALJ erred by not including a functional limitation of the hands in the hypothetical posed to the vocational expert (VE).  After review, we affirm the district court.[1]

## I.

Lorenzi contends the ALJ improperly rejected her treating physician's opinion, which established that her fibromyalgia caused hand problems.  Lorenzi also argues her testimony regarding her hand problems was not properly refuted and should be accepted as true.

The ALJ must give the testimony of a treating physician "substantial or considerable weight unless good cause is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quotations omitted).  Good cause exists when: (1) the opinion "was not bolstered by the evidence," (2) the "evidence

---

[1] We review the Commissioner's legal conclusions *de novo*, but "we review the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

2

supported a contrary finding," or (3) the "opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician. *Id.* at 1241.

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, she must show evidence of an underlying medical condition, and either (1) "objective medical evidence confirming the severity of the alleged pain," or (2) "that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ fails to articulate the reasons for discrediting subjective testimony, then, as a matter of law, the testimony must be accepted as true. *Id.*

The ALJ did not err by failing to accord the treating physician's opinion controlling weight. The ALJ articulated specific reasons for doing so, and those reasons are supported by substantial evidence. *See Phillips*, 357 F.3d at 1241.[2] The treating physician's evaluation evidencing hand problems was inconsistent with a later evaluation by the same physician, which indicated that Lorenzi's extremeties were normal and that there was no small joint pain or swelling.

---

[2] Lorenzi argues, for the first time on appeal, that the ALJ erred in finding that a report of the treating physician was written in January 2009. Because Lorenzi did not present this argument to the district court, we decline to address it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Moreover, the later evaluation was internally inconsistent, and stated Lorenzi had taken a hiatus from treatment, indicating that her symptoms were not very severe. The ALJ clearly articulated "good cause" for declining to give significant weight to the treating physician's evaluation. *See id.* at 1240-41.

The ALJ's finding that Lorenzi's testimony was not entirely credible was also supported by substantial evidence. Many of Lorenzi's descriptions of her hand pain were inconsistent with the medical documentation and with her own descriptions of her daily activities. *See Wilson*, 284 F.3d at 1225; 20 C.F.R. § 404.1529(c)(3)(i). Although we have indicated that the "hallmark" of fibromyalgia is a "lack of objective evidence," *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005), the ALJ did not rely on the absence of objective evidence of Lorenzi's hand pain. Rather, the ALJ relied on the inconsistencies between Lorenzi's descriptions of her daily activities, the objective medical evidence, and her claims of pain. The ALJ thus articulated explicit and adequate reasons for choosing to discredit Lorenzi's testimony.

## II.

Lorenzi also argues the ALJ committed reversible error by giving the VE an incomplete hypothetical. Lorenzi claims a complete hypothetical would have included a functional limitation of her hands. However, because substantial evidence supported the ALJ's determination that Lorenzi's hand limitation was not

a functional limitation, the ALJ was not required to include it in the hypothetical posed to the VE. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) ("The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant." (citation omitted)).  Accordingly, the ALJ properly relied on the VE's answer to the complete question regarding the existence of jobs.

**AFFIRMED.**