[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11379
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01368-TJC-JRK

TODD A. STULTZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 7, 2015)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Todd Stultz appeals the district court's order affirming the Social Security Commissioner's denial of his application for supplemental security income ("SSI") benefits, pursuant to 42 U.S.C. § 1383(c)(3). No reversible error has been shown; we affirm.[1]

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

---

[1] We note that Stultz failed to object to the magistrate judge's report and recommendation and that, under this Court's current rules, such a failure can constitute a waiver of the right to appeal the district court's order based on unobjected-to factual or legal conclusions. See 11th Cir. R. 3-1. In this case, however, the magistrate judge arguably provided no clear notice to Stultz that a failure to file objections would waive entirely his right to appeal the district court's decision. The magistrate judge said only that "[f]ailure to file timely objections waives a party's right to de novo review." Because of this questionable warning, we do not apply Rule 3-1's waiver rule in this case.

Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for SSI benefits must first prove that he is disabled.[2] See 42 U.S.C. § 1382(a)(1)-(2). The claimant bears the burden of proving his disability and must produce evidence supporting his claim. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

The ALJ applied correctly the five-step evaluation process set forth in 20 C.F.R. § 416.920(a) and determined that Stultz was not disabled for purposes of demonstrating SSI eligibility. The ALJ first determined that Stultz had engaged in no substantial gainful activity since his application date and that Stultz had a severe impairment.[3] The ALJ then concluded that, even though Stultz could no longer perform his past relevant work as a painter and welder, Stultz had the residual functional capacity ("RFC") to perform a full range of light work. Given Stultz's age (43), high school education, and ability to perform a full range of light work,

---

[2] A person is considered "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

[3] Stultz was involved in a motorcycle accident in March 2010 and suffered multiple injuries, including a depressed skull fracture. The ALJ concluded that Stultz had severe impairments of status-post traumatic brain injury and craniotomy.

the ALJ concluded that the medical-vocational guidelines mandated a finding of "not disabled."

## I.

On appeal, Stultz argues that the ALJ erred by failing to give adequate weight to the opinions of two of his treating physicians, Drs. Vinas and Johnson, and to Nurse Branoff.

Absent "good cause" to the contrary, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician. Crawford, 363 F.3d at 1159. Good cause may exist under these circumstances: (1) the treating physician's opinion was not bolstered by evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The ALJ must articulate clearly reasons for giving less weight to the treating physician's opinion. Id. at 1241.

In his June 2010 progress notes, Dr. Vinas (Stultz's neurosurgeon) opined that Stultz had symptoms of severe post-concussion syndrome and was "currently unable to work." The ALJ concluded that Dr. Vinas's opinion was unsupported by Dr. Vinas's own medical examination and that Dr. Vinas's progress notes from

4

October 2010 contained no similar diagnosis or restriction on Stultz's ability to work.  The ALJ's reasoning is supported by substantial evidence in the record.  Dr. Vinas's progress notes show that -- although Stultz had a chronic, non-healing head wound -- Stultz had no functional limitations, had normal physical and neurological findings, and reported no headaches or difficulty walking.

In November 2011, Dr. Johnson (a primary-care physician) wrote a letter opining that Stultz was unable to return to work.  The ALJ afforded Dr. Johnson's letter no weight for two reasons: (1) Dr. Johnson's progress note included only benign findings; and (2) Dr. Johnson's letter was based only on Stultz's subjective complaints, which were inconsistent with the record.[4]

The ALJ's reasons are supported by substantial evidence.  Dr. Johnson's only progress note -- dated May 2011 -- reports that Stultz experienced chronic pain, but includes no other significant findings or physical limitations.  In concluding that Stultz was unable to work, Dr. Johnson relied not on his own medical examination but, instead, appears to have relied on Stultz's own subjective complaints of pain and dizziness and on Nurse Branoff's "Physical Medical Source Statement."  While Stultz complained of pain and dizziness during his visits to Dr. Johnson and to Nurse Branoff, no similar complaints were reflected in the

---

[4] The ALJ also stated -- incorrectly -- that Dr. Johnson never examined Stultz personally. Because the ALJ's other two reasons are sufficient to establish "good cause," this error does not change our decision.

5

treatment notes from the other doctors who treated Stultz regularly after his accident.

The ALJ articulated sufficiently his reasons for not giving substantial weight to the opinions of Drs. Vinas and Johnson, and these reasons were supported by substantial evidence in the record.  Good cause existed to discount Dr. Vinas's and Dr. Johnson's opinions.  Moreover, determinations about whether a claimant is disabled or unable to work are left to the Commissioner as administrative findings and are not considered "medical opinions."  See 20 C.F.R. § 416.927(d).

We also see no error in the ALJ's decision to give limited weight to the opinion of Nurse Branoff.  Nurse Branoff's assessment of Stultz's physical restrictions was unsupported by her own examinations of Stultz or by other evidence in the record.  Moreover, a nurse practitioner is not considered an "acceptable medical source" under the Social Security regulations whose opinion is entitled to substantial weight.  See 20 C.F.R. § 416.913(a), (d), 416.927(a)(2).

## II.

Stultz argues that the ALJ erred in determining that Stultz's testimony was not fully credible.  Stultz also contends that the ALJ relied too heavily on the

6

opinions of two non-examining doctors: Dr. Cloninger, a board-certified neurosurgeon, and Dr. Stanley, the state agency reviewer.

"[C]redibility determinations are the province of the ALJ."  Moore, 405 F.3d at 1211.  An ALJ must make explicit credibility findings when subjective pain is an issue.  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).  We will not disturb "[a] clearly articulated credibility finding with substantial supporting evidence in the record."  Id.

The ALJ explained adequately his determination that Stultz's testimony and subjective complaints of pain were not fully credible, and that determination is supported by substantial evidence.  The ALJ explained that Stultz's work history -- which contained almost no earnings since 1991 -- was a factor in evaluating Stultz's credibility about his inability to maintain gainful employment.  Moreover, Stultz's medical records support the ALJ's observation that Stultz had been untruthful about his history of alcohol abuse.  Substantial evidence also supports the ALJ's determination that Stultz continued to smoke despite repeated warnings that doing so would impede healing and exacerbate Stultz's symptoms.

In determining how much weight to give a non-treating doctor's medical opinion, the ALJ must consider, among other things, these three factors: (1) the extent to which the doctor's opinion is supported by medical evidence; (2) how

7

consistent the "opinion is with the record as a whole"; and (3) the doctor's medical specialty.  20 C.F.R. § 416.927(c).

The ALJ's decision to afford substantial weight to Dr. Cloninger's opinion testimony and to Dr. Stanley's RFC determination was supported by substantial evidence.  Both doctors' assessments of Stultz's RFC were based on a review of Stultz's medical records, which showed normal neurological and physical findings and no severe cognitive impairment.  In making their determinations, both doctors considered expressly the complications associated with Stultz's non-healing head wound.  Although neither Dr. Cloninger nor Dr. Stanley reviewed Stultz's most recent medical records, nothing in those records was inconsistent with doctors' determinations about Stultz's RFC.

Substantial evidence supports the Commissioner's denial of SSI benefits; we affirm.

AFFIRMED.