[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13315

Non-Argument Calendar

_____

KENNETH MARTIN,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01813-AEP

_____

Before WILSON, JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Kenneth Martin appeals the district court's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits and supplemental security income. Mr. Martin argues that the ALJ's decision that he did not meet the criteria for Listing 12.08 "Personality and impulse-control disorders" was not supported by substantial evidence. We disagree and affirm.

## I

On October 31, 2019, Mr. Martin applied for disability insurance benefits and supplemental security income, stating that he had become disabled on February 1, 2011. At his ALJ hearing, Mr. Martin amended the date of disability to June 1, 2011, and then to November 1, 2018. The ALJ ultimately determined that Mr. Martin's disabilities did not meet the criteria for Listing 12.08 and denied his application. The ALJ was persuaded by evidence that Mr. Martin had a healthy relationship with his spouse and parents and was able to interact with medical providers on his own. The ALJ also noted that several state agency consultants had determined that Mr. Martin did not meet the criteria for disability status under Listing 12.08. Although one medical expert, Dr. Curtis Cassidy, testified that Mr. Martin suffered from borderline personality disorder and met the necessary criteria, the ALJ discounted this testimony because Dr. Cassidy was unfamiliar with the Listing 12.08

requirements and because such testimony was not supported by the evidence.

Mr. Martin sought review of the ALJ's decision, but the SSA Appeals Council denied the request. Mr. Martin then filed suit in the Middle District of Florida, alleging that the ALJ's decision "demonstrate[d] a misunderstanding of [his] condition." The district court ruled that the ALJ's decision was supported by substantial evidence and explained that it could not reweigh the evidence. Mr. Martin then appealed.

## II

When the SSA Appeals Council denies review, the ALJ's decision is the final administrative decision. *See Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021). Our "review of the Commissioner's decision is limited to whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); 42 U.S.C. §§ 405(g), 1383(c)(3). Whether the ALJ applied the proper legal standards is reviewed *de novo*. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

Substantial evidence is "more than a scintilla" or "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). All the evidence, "favorable as well as unfavorable to the decision," must be considered. *See id.* The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute

[its] judgment for that of the Commissioner." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks and brackets omitted).

An individual seeking disability benefits must prove that he is disabled. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled for both SSI and DIB claims. *See id.* First, if a claimant is working at a substantial gainful activity, he is not disabled. *See* 20 C.F.R. § 416.920(a)(4)(i). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities, then he is not disabled. *See* § 416.920(a)(4)(ii). Third, if a claimant's impairments meet or equal an impairment listed in the Listing of Impairments, he is disabled. *See* § 416.920(a)(4)(iii). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. *See id.* § 416.920(a)(4)(iv). Fifth, if a claimant's impairments, considering his residual functional capacity, age, education, and past work, prevent him from doing other work that exists in the national economy, then the claimant is disabled. *See* § 416.920(a)(4)(v).

Mr. Martin's challenge on appeal concerns the third step—whether his conditions satisfy Listing 12.08's criteria for approval, specifically those required for a finding of personality and impulse-control disorder. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.08. To meet Listing 12.08, the claimant must have medical documentation of a "pervasive pattern" of at least one of nine listed symptoms in

paragraph A and "[e]xtreme limitation of one, or marked limitation of two," of the four areas of mental functioning provided in paragraph B. *See id.* The paragraph B criteria of mental functioning examine whether a claimant can "[u]nderstand, remember, or apply information"; "[i]nteract with others"; "[c]oncentrate, persist, or maintain pace"; and "[a]dapt or manage oneself." § 12.08B.

To determine whether a claimant is disabled, the ALJ considers medical opinions from acceptable medical sources, including physicians and psychologists. *See* 20 C.F.R. § 404.1502(a)(1)–(2). "The ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320–21 (quotation marks omitted). For claims filed on or after March 27, 2017, the ALJ does not give "any specific evidentiary weight" to any medical opinion or prior administrative medical finding. *See* 20 C.F.R. § 404.1520c. Instead, "[w]hen a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative medical findings from that medical source together using" the factors of supportability, consistency, relationship with the claimant, specialization, and other factors. *See* § 404.1520c(a), (c). A "prior administrative medical finding" is a finding about a medical issue made by an agency consultant at a prior level of review. *See id.* § 404.1513(a)(5). Agency medical or psychological consultants are considered experts in Social Security disability evaluations, and the ALJ weighs their opinions in the same manner as other medical sources. *See* § 404.1513a(b).

### III

Mr. Martin argues that the district court could not have affirmed the ALJ's conclusion ". . . merely because some rationale could [have] support[ed] the ALJ's decision." Br. for Appellant at 13 (citing *Kelly v. Comm'r of Soc. Sec.*, 401 Fed. Appx. 403, 407 (11th Cir. 2010)). He asserts that the ALJ made "vague references to medical records," and "failed to build the requisite accurate and logical bridge from the evidence to her conclusion." *Id.* at 12 (internal quotations omitted). Specifically, Mr. Martin points to Dr. Cassidy's expert testimony, which identified him as "one of the most severe cases of borderline personality disorder in [his] practice." *See id.* at 7. Mr. Martin also notes that according to Dr. Cassidy, he has "all of the symptoms under [paragraph] A and marked limitations in all of [paragraph] B" except one area where Mr. Martin had extreme limitations. *See id.* at 8. And finally, Mr. Martin argues that the ALJ and district court erred by accepting the opinion of the state agency consultants because the consultants were never provided Dr. Cassidy's diagnosis.

In response, the Commissioner asserts that Mr. Martin waived the argument as to any alleged failure by the ALJ "to build [an] accurate and logical bridge" to the evidence because he did not raise the argument in the district court. In the alternative, the Commissioner asserts that substantial evidence supports the ALJ's conclusion because the ALJ considered evidence from all state agency consultants as well as evidence showing that Mr. Martin had continued to work after his alleged disability onset date. Furthermore, the Commissioner points out that the state agency

consultants, Dr. Judith Meyers and Dr. Eric Wiener, considered Dr. Cassidy's treatment notes on Mr. Martin's borderline personality disorder diagnosis before opining on his claim. Both consultants alike concluded that Mr. Martin had mild and moderate limitations, but nonetheless failed to meet the requisite limitations detailed in Listing 12.08 paragraph B.

We are not persuaded that the ALJ "failed to build the requisite accurate and logical bridge from the evidence to her conclusion." Br. for Appellant at 12. Here, the ALJ supported the non-disability finding by properly weighing the medical evidence and determining the proper weight of each medical expert's testimony based on their relative support and consistency with the record. *See Buckwalter*, 5 F.4th at 1320–21; 20 C.F.R. § 404.1520c.

The ALJ also did not err by assigning less weight to Dr. Cassidy's opinion. Dr. Cassidy was unaware of the Listing 12.08 criteria, and his opinion was contradicted by substantial evidence. *See Buckwalter*, 5 F.4th at 1320–21. The ALJ was similarly entitled to consider Mr. Martin's healthy spousal and familial relationships, his ability to interact with medical providers, and his mental status evaluations, which generally showed that his concentration, orientation, and memory were intact. It was only after determining the proper weight for each medical expert's testimony and evaluating it alongside all the evidence in the record that the ALJ determined that Mr. Martin's limitations did not satisfy the criteria for Listing 12.08.

Mr. Martin asks us to reweigh the evidence as to Dr. Cassidy and the state agency consultants, but this is something we cannot do. *See Winschel*, 631 F.3d at 1178. Moreover, even if we could, we are not convinced by Mr. Martin's argument. As previously stated, Dr. Meyers and Dr. Wiener had access to Dr. Cassidy's documents and reviewed at least some of them before formulating their opinions. Thus, in our view, the ALJ properly weighed all the available evidence before denying Mr. Martin's application.

## IV

The ALJ properly weighed the medical testimony and findings in the record and the decision was supported by substantial evidence. We therefore affirm the denial of Mr. Martin's application.

**AFFIRMED.**