**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11084

————————————

PAKITA WRIGHT,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-60680-PAB

————————————

Before ROSENBAUM, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Pakita Wright appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). She argues that the Administrative Law Judge

("ALJ") failed to properly consider her migraine headaches at step three of the sequential disability evaluation process by not addressing whether they medically equaled epilepsy under Listing 11.02(B) and Social Security Ruling ("SSR") 19-4p, and in determining her Residual Functional Capacity ("RFC").  She also argues that substantial evidence does not support the ALJ's decision to discredit her subjective complaints.

After careful consideration and with the benefit of oral argument, we reverse and remand back to the ALJ to properly consider Wright's migraine headaches at step three of the sequential disability evaluation process by addressing whether they meet or medically equal epilepsy under Listing 11.02(B) and SSR 19-4.

## I.

When an ALJ denies benefits and the Appeals Council denies review of that decision, we review the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  In a Social Security disability case, we review *de novo* whether the ALJ applied the correct legal standards and review whether substantial evidence supported the Commissioner's decision. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313–14 (11th Cir. 2021).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  In review-

ing for substantial evidence, we "may not decide the facts anew, re-weigh the evidence, or substitute our judgment for that of the Commissioner." *Id*. (quotation marks and brackets omitted).

The ALJ has an obligation to develop a full and fair record. *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988). Even still, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotation marks and brackets omitted).

## II.

An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled for both SSI and DIB claims. *Id*. First, if a claimant is working at a substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i).[1] Second, if a claimant has no impairment or combination of impairments that signifi-

---

[1] Separate regulations govern eligibility for DIB and SSI. *Compare* 20 C.F.R. pt. 404 (DIB), *with* 20 C.F.R. pt. 416 (SSI). However, "[t]he regulations for both programs are essentially the same." *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see, e.g.*, 20 C.F.R. §§ 404.1520, 416.920 (setting out identical five-step sequential evaluation process for evaluation of disability of adults).

cantly limit her physical or mental ability to do basic work activities, then the claimant is not disabled. *Id.* § 404.1520(a)(4)(ii). Third, if a claimant's impairments meet or equal an impairment listed in the Listing of Impairments, the claimant is disabled. *Id.* § 404.1520(a)(4)(iii). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, if a claimant's impairments—considering her RFC, age, education, and past work—prevent the claimant from doing other work that exists in the national economy, then the claimant is disabled. *Id.* § 404.1520(a)(4)(v).

Here, steps one and two of the sequential evaluation are not at issue. That's because the ALJ determined that Wright was not engaged in substantial gainful employment as of July 16, 2019, and concluded that she had multiple severe impairments, including migraine headaches. Our focus begins at step three.

At Step Three of the sequential evaluation process, an ALJ consults the Listing of Impairments, which describes impairments severe enough to preclude a person from any gainful activity regardless of age, education, or prior work experience. *See id.* § 404.1520(a)(4)(iii). The ALJ then considers whether the claimant's impairment meets a Listing or is equal in severity and duration to the criteria in any Listing. *See id.*; *see also id.* § 404.1526.

With respect to step three, the claimant has the burden of proving that the impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). To meet the requirements of a listing, a claimant must have a diagnosis included

in the Listing and must provide medical reports documenting that their condition meets the Listing's specific criteria and duration requirement.  *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).  However, a diagnosis that is not included in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1, may still be found to be medically equivalent to a listed impairment "[i]f the findings related to" the claimant's impairment "are at least of equal medical significance to those of a listed impairment."   20 C.F.R. § 404.1526(b)(2).

Headache disorders, including migraine headaches, are not included in the Listing of Impairments.  *See generally* 20 C.F.R. pt. 404, subpt. P, app. 1; *see also* SSR 19-4p.  However, SSR 19-4p, which provides guidance on how the Commissioner evaluates primary headache disorders in disability claims, states that a person with a primary headache disorder may be able to establish that their headache disorder is medically equivalent to epilepsy as listed in Listing 11.02(B) or (D).  SSR 19-4p.

At issue here, Listing 11.02(B) provides that epilepsy must be "documented by a detailed description of a typical seizure and characterized by . . . [d]yscognitive seizures . . . occurring at least once a week for at least 3 consecutive months . . . despite adherence to prescribed treatment."  20 C.F.R. pt. 404, subpt. P., app. 1, § 11.02(B).  In turn, SSR 19-4p states that in determining whether a primary headache disorder is medically equivalent to epilepsy under Listing 11.02(B), the ALJ will consider a medical source's de-

tailed description of a typical headache that includes: (1) "all associated phenomena"; (2) "the frequency of headache events"; (3) "adherence to prescribed treatment"; (4) "side effects of treatment"; and (5) "limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day." SSR 19-4p.

## III.

On appeal, Wright argues that the ALJ failed to properly consider her migraine headaches at step three of the sequential disability evaluation process by not addressing whether they medically equaled epilepsy under Listing 11.02(B) and SSR 19-4p, and in determining her RFC. While it is true that the ALJ did fail to cite Listing 11.02 or otherwise discuss SSR 19-4p, the question before us is whether the ALJ included enough information in her decision for this Court to infer that the ALJ considered whether Wright's migraines met the relevant Listing.

As discussed in Section II, migraine headaches are not a condition in the Listing of Impairments, *see* SSR 19-4p, but the Social Security Regulations recognize that a headache disorder may medically equal a listed impairment. *Id.* The regulations direct an ALJ to consider whether a person's migraines are medically as severe as disabling epilepsy, as described in Listing 11.02, which the Regulations consider the most closely analogous listed impairment. *Id.*

A migraine impairment can be functionally equivalent to Listing 11.02(B) if severe headaches or migraines occur "at least once a week for three consecutive months . . . despite adherence to

prescribed treatment." 20 C.F.R. pt. 404, subpt. P., app. 1, § 11.02(B). "To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B," the ALJ will consider:

> A detailed description from an [acceptable medical source] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).

*See* SSR 19-4p.

In sum, in order for this Court to conclude that the ALJ properly considered—and rejected—Wright's claim that her migraines met Listing 11.02(B), we must find that the ALJ considered (1) a medical source's description of Wright's migraines, including their duration, intensity, and accompanying symptoms, (2) the frequency which with Wright's migraines occurred, (3) whether Wright adhered to her prescribed treatment, (4) whether Wright

suffered from any side effects of treatment, and (5) whether the migraines interfered with Wright's activity during the day. *See id*.

We conclude that we do not have sufficient information to make this determination because the ALJ's decision does not show that he considered whether Wright's migraines meet or medically equal epilepsy under Listing 11.02(B) and SSR 19-4. The ALJ's decision merely concludes that none of Wright's impairments, standing alone or in combination, met or medically equaled the severity of one of the listed impairments in the Listing of Impairments. The decision does not discuss Listing 11.02(B) nor does it mention SSR 19-4 at all. We contrast this with the fact that the ALJ specifically set forth and analyzed other listings pertaining to Wright's other severe impairments.

The ALJ's decision also contains no discussion of a medical source's description of the migraines (including their duration, intensity, and accompanying symptoms) during the period for which Wright claimed disability, as required by SSR 19-4p. Additionally, while the decision mentions the frequency of Wright's migraines during the period for which she claimed disability, it fails to address the side effects of the treatment, if any. True, the ALJ's discussion of Wright's RFC mentions her migraine headaches, but it does not touch upon all the criteria needed to deny equivalence to a listing.

We thus conclude that the ALJ's opinion does not contain sufficient information to conclude that the ALJ properly analyzed Wright's migraines in light of Listing 11.02 and SSR 19-4p.

**IV.**

For the reasons stated, we reverse and remand this matter back to the Social Security Administration for the ALJ to properly consider Wright's migraine headaches at step three of the sequential disability evaluation process by addressing whether they meet or medically equal epilepsy under Listing 11.02(B) and SSR 19-4.

**REVERSED AND REMANDED.**